IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNON MARIE MARCHIONNA,    )
                             ) 13-329
    Plaintiff,               )

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff filed an application for disability benefits and social security income under Titles II and XVI of the Social Security Act, alleging disability due to various mental and physical limitations. The claim was denied initially and upon hearing by an Administrative Law Judge. The Appeals Council upheld the ALJ's decision. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    PLAINTIFF'S MOTION

Plaintiff contends that the ALJ erred in failing to include in his Residual Functional Capacity ("RFC") and hypothetical to the Vocational Expert ("VE") Plaintiff's social limitations and limitations on concentration, persistence, and pace, despite finding such limitations; in failing to include in his RFC a limitation to one- and two-step tasks found by a state agency psychologist, despite giving "great weight" to that opinion; and failing to include limitations on work stress, walking, standing, and lifting identified in the record.

First, I address Plaintiff's argument regarding limitations on concentration, persistence, and pace. The ALJ found that Plaintiff had "moderate difficulties" with concentration, persistence, and pace. The non-exertional aspect of the RFC limited Plaintiff to "simple tasks, decisions and instructions commensurate with unskilled work."[1] "[C]ase law in this circuit makes clear that a restriction limiting an individual, e.g., to 'simple, routine tasks' or 'unskilled work,' is sufficient to accommodate moderate limitations in concentration, persistence and pace." Shaffer v. Colvin, 2014 U.S. Dist. LEXIS 137982 (W.D. Pa. Sept. 30, 2014).

Second, I address Plaintiff's contentions regarding her social functioning. The ALJ stated, in connection with his assessment of Paragraph B criteria, that Plaintiff had "mild difficulties" in social functioning.[2] The ALJ is required to address and consider such difficulties, but is not necessarily required to include them word-for-word in the RFC. Taylor v. Colvin, 2014 U.S. Dist. LEXIS 126791, at **16-18 (N.D. Tex. Aug. 22, 2014). If the decision and record support the omission of mild social limitations from the RFC, and the ALJ considered the proper criteria in considering the RFC, then the omission is not cause for remand. Cornish v. Colvin, 2014 U.S. Dist. LEXIS 44110, at **36-38 (M.D. La. Mar. 31, 2014); Jones v. Astrue, 2013 U.S. Dist. LEXIS 50558, at **50-51 (N.D. Tex. Mar. 7, 2013). Here, Dr. Brace, whose opinion was afforded great weight, completed a mental RFC indicating that Plaintiff was not significantly limited in any area of social interaction or adaptation.[3] It is clear that the ALJ

---

[1] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 CFR § 416.968.
[2] As the ALJ correctly noted, the limitations identified in the Paragraph B criteria are not an RFC assessment, but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.
[3] Plaintiff cites to Ramirez v. Barnhart, 372 F. 3d 546 (3d Cir. 2004). In Ramirez, both the ALJ and the Psychiatric Review Technique suggested that Plaintiff "often" had deficiencies in concentration, persistence, and pace. The court found that a limitation to one- to two-step tasks did not adequately account for those deficiencies. Id. at 554. That situation is distinguishable from the situation presented by the present Plaintiff's social interaction deficiencies. Moreover, in Ramirez, the Court observed that there may be a valid explanation for the omission: "For example, the ALJ may have concluded that the deficiency…was so minimal or negligible that…it would not limit her ability to perform [pertinent tasks]." Id. at 555. In Ramirez, the record suggested otherwise; here, it does not.

considered the entire record when crafting the RFC, and did not merely ignore the evidence, and the RFC is supported by substantial evidence. There was no error with respect to the failure to include social functioning limitations in the RFC.

Third, I reach Plaintiff's objections to the ALJ's treatment of Dr. Brace's opinion. The ALJ afforded "great weight" to the January, 2011 opinion of Dr. Brace, a state agency non-examining psychologist. Dr. Brace, in the narrative portion of the report, stated that Plaintiff "can understand, retain, and follow simple job instructions, i.e., perform one and two step tasks." The ALJ's hypothetical to the VE incorporated the ability to do "simple tasks, simple decisions, and simple instructions," "commensurate with DOT SVP [specific vocational preparation] levels one to two." As Plaintiff explains, SVP levels refer to skill level and time required to learn the job, and not the number of steps required in a task. 2000 SSR LEXIS 8, at *7. The ALJ's opinion does not refer to Dr. Brace's statement regarding one- and two-step tasks.

Nonetheless, Dr. Brace "did not affirmatively limit Plaintiff to one- to two-step tasks. Rather, he stated that Plaintiff was able to complete such tasks." Brooks v. Colvin, 2014 U.S. Dist. LEXIS 169569 (E.D. Cal. Dec. 8, 2014). In other words, Dr. Brace nowhere indicates that one- to two-step tasks reflect Plaintiff's maximum capability, or suggests that the statement is intended as a limitation. While this may appear semantic, a statement of limitation is substantively distinct from a statement of capability; and an RFC addresses only "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). Moreover, courts have noted that a one- to two- step task limitation is akin to unskilled work. Santore v. Astrue, 2010 U.S. Dist. LEXIS 145805, *19-20 (E.D. Pa. 2010). Unskilled work, in turn, corresponds with SVP levels one and two. Zirnsak v. Colvin, 2014 U.S. App. LEXIS 23115, at *22 (3d Cir. Dec. 9, 2014). Thus, the RFC was sufficient in this regard, and the ALJ did not err.

4

Finally, Plaintiff avers that the ALJ failed to account for various other limitations reflected in the record. For example, Plaintiff raises the physical limitations found by Dr. Kalata, a one-time examiner. Dr. Kalata explained the limitations imposed solely by reference to Plaintiff's lower back, back, and neck "pains," which, as the ALJ explained, appear to have been based on Plaintiff's subjective allegations rather than objective findings. Dr. Kalata's examination, as the ALJ reports, shows "few objective findings" – i.e., "some tenderness" in the back, and that Plaintiff was a "little sore" in the neck. The ALJ also noted that Dr. Kalata's opinion was not consistent with other medical evidence of record. The ALJ adequately explained his reasons for rejecting the opinion, and I find no error in his treatment of Dr. Kalata's reports.

Plaintiff also urges that the record reflects many mental issues that limited her abilities to a greater extent than determined by the ALJ. The ALJ, of course, cannot substitute his medical judgment for competent medical opinion. Cromer v. Colvin, 2014 U.S. Dist. LEXIS 139807, at \*\*11-12 (M.D. Pa. 2014). Here, the ALJ considered and synthesized the medical opinion of record, which in turn considered the mental issues that Plaintiff now raises. He did not err in doing so.

## CONCLUSION

In sum, the ALJ's opinion was supported by substantial evidence. An appropriate Order follows.

# ORDER

AND NOW, this 29th day of January, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court